UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
VALLEY CONTAINER COMPANY, INC.,              :
individually and on behalf of all others similarly
situated,                                    :
                                             :
                Plaintiff,                   :   Civil Action
                                                 No. 19-12133-DJC
        v.                                   :
                                                 ORAL ARGUMENT REQUESTED
LIBERTY MUTUAL GROUP, INC., et al.,          :

                Defendants.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**DEFENDANTS' MOTION TO DISMISS THE
FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, Liberty Insurance Corporation, LM Insurance Corporation, The First Liberty Insurance Corporation, Liberty County Mutual Insurance Company, Wausau General Insurance Company, Wausau Underwriters Insurance Company, Employers Insurance Company of Wausau, and Peerless Insurance Company (collectively, "Defendants") hereby move this Court to dismiss Plaintiff Valley Container Company Inc.'s ("Valley's") First Amended Class Action Complaint (ECF No. 23) with prejudice. The grounds for this Motion are set forth in the accompanying Memorandum and Transmittal Declaration of Yaw A. Anim, filed herewith.

As more fully set forth in the accompanying Memorandum, the First Amended Class Action Complaint should be dismissed for the following reasons:

(i) Valley has failed to plead that Defendants deviated in any way from rules and requirements set by the National Council on Compensation Insurance ("NCCI") concerning the reporting of data in connection with workers compensation claims, which is the premise of each of its causes of action (see Memorandum, Part I.A);

(ii) Valley has failed to plead a plausible entitlement to relief on behalf of any putative class member other than Valley (id. Part I.B);

(iii) Valley has failed to plead a contract claim because it has failed to plead that any term of its insurance policy was breached (id. Part II.A);

(iv) Valley has no contract with any Defendant other than Liberty Mutual Fire Insurance Company, the entity that issued the workers compensation policy that is the subject of Valley's claim, and accordingly has no contract claim against any of them (id. Part II.B);

(v) Valley has failed to plead an unjust enrichment claim because it has failed to plead that Defendants obtained any benefit from the conduct alleged (id. Part III);

(vi) Valley has failed to plead an unjust enrichment claim because that claim relies on allegations of a written contract (id.);

(vii) Valley has failed to plead a Chapter 93A claim because its workers compensation policy is governed by Connecticut law (id. Part IV.A);

(viii) Valley has failed to plead a Chapter 93A claim because a simple breach of that policy does not constitute an unfair or deceptive trade practice under Chapter 93A (id. Part IV.B);

(ix) Valley has not pled its Chapter 93A claim with the particularity required by Rule 9(b) (id. Part IV.C);

(x) Valley has failed to plead a Chapter 93A claim because the "center of gravity" of the circumstances putatively giving rise to Valley's claim is not in Massachusetts (<u>id.</u> Part IV.D);

(xi) Valley's RICO claim is not pled with the particularity required by Rule 9(b) (<u>id.</u> Part V).

## <u>REQUEST FOR ORAL ARGUMENT</u>

Pursuant to Local Rule 7.1(D), Defendants respectfully request oral argument on this motion.

## <u>LOCAL RULE 7.1 CERTIFICATION</u>

The undersigned hereby certifies that Defendants' counsel conferred with Plaintiff's counsel in a good faith attempt to resolve or narrow the issues in this motion and that Plaintiff's counsel advised that Plaintiff opposes this motion.

Dated: February 28, 2020
      Boston, Massachusetts

Respectfully submitted,

<u>/s/ James R. Carroll</u>
James R. Carroll (BBO #554426)
Kurt Wm. Hemr (BBO #638742)
Yaw A. Anim (BBO #569512)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
500 Boylston Street
Boston, Massachusetts 02116
(617) 573-4800
james.carroll@skadden.com
kurt.hemr@skadden.com
yaw.anim@skadden.com

Counsel for Defendants